IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                      CR No. 08-1374 JP

MARJORIE LA PAZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This case presents the novel question of whether Congress intended to include a false claim of rape in the statutory language "relates to" when in 2004 Congress amended 18 U.S.C. §1001 in passing the Intelligence Reform and Terrorism Protection Act of 2004 or when in 2006 Congress passed the Adam Walsh Protection and Safety Act of 2006.

*A. Background*

On June 18, 2008, the Grand Jury indicted Defendant and Co-Defendant, Ernest Kadayso, for violating 18 U.S.C. §1001(a)(2). Indictment (Doc. No. 2). Section 1001(a)(2) makes it a crime if "in any matter with the jurisdiction" of the federal government a person "knowingly and willfully–... makes any materially false, fictitious, or fraudulent statement or representation...." The Indictment alleged that on or about August 13, 2007, while within the Mescalero Apache Indian Reservation, Defendant and Kadayso "knowingly and willfully made a false, fictitious, and fraudulent material statement, and representation" to Federal Bureau of Investigation agents that a Mescalero Apache Police Officer had sexually assaulted Defendant. Indictment at 1. 18 U.S.C. §1001(a) specifies a five year maximum sentence for a violation of §1001(a)(2) but increases that maximum sentence to eight years "[i]f the matter relates to [a

federal sex] offense under chapter 109A, 109B, 110, or 117, or section 1591...."[1]

The Defendant decided to enter a guilty plea to the Indictment.[2]  The Honorable United States Magistrate Judge Kea W. Riggs held a plea hearing on September 16, 2008 to take Defendant's guilty plea.  At the plea hearing, Assistant United States Attorney Mick Gutierrez informed Defendant, his counsel, and the Court that Defendant was pleading to an offense which carried a maximum term of imprisonment of five years.  Defendant's decision to plead guilty was based on this understanding of the maximum term of imprisonment.  Judge Riggs accepted Defendant's guilty plea and provisionally found her to be guilty of violating §1001(a)(2).

The United States Probation Office subsequently recommended in a Presentence Investigation Report (PSR) that an additional four offense levels be added under U.S.S.G. §2J1.2(b)(1)(A) to Defendant's base offense level of 14.  Section 2J1.2(b)(1)(A) states that "[if] the (i) defendant was convicted under 18 U.S.C. §1001; and (ii) statutory maximum term of eight years' imprisonment applies because the matter relates to sex offenses under 18 U.S.C. 1591 or chapter 109A, 109B, 110, or 117 of title 18, United States Code, increase by **4** levels."  Defendant objected to this four offense level increase by filing Defendant's Formal Objection to Presentence Report (Doc. No. 52)(Formal Objection).

Defendant argues in her Formal Objection that she is not subject to the statutory eight year maximum sentence because she was told at the plea hearing that the maximum sentence was five years.  *See* Fed. R. Crim. P. 11(b)(1)(H)(before accepting a guilty plea, the Court "must

---

[1]Section 1001(a) also increases the maximum sentence to eight years "if the offense involves international or domestic terrorism...."

[2]Apparently, Defendant had provided a recorded confession.  Also, Kadayso had pled guilty and was cooperating with the prosecutors against Defendant.

inform the defendant of, and determine that the defendant understands ... any maximum possible penalty including imprisonment, fine, and term of supervised release...."). In responding to the Formal Objection, the Plaintiff United States of America (USA) admitted that Mr. Gutierrez incorrectly informed Defendant at the plea hearing that the maximum sentence was five years. The USA asserts that Mr. Gutierrez should have informed Defendant that the maximum sentence was eight years because her false statements related to chapter 109A of the Federal Criminal Code (18 U.S.C. §2241) which describes the federal sex offense of aggravated sexual abuse. Nonetheless, the USA argues that Defendant failed to show that this error at the plea hearing was not harmless and, therefore, a basis for restricting Defendant's sentence to a maximum of five years. *See* Rule 11(h)("A variance from the requirements of [Rule 11] is harmless error if it does not affect substantial rights."). The USA notes that Defendant was aware at the time of the plea hearing that her false statements related to a federal sex offense listed in §1001(a), i.e., aggravated sexual abuse. The USA further argues that even if the error was not harmless, the proper remedy would be for Defendant to withdraw her guilty plea or for the Court to set aside the guilty plea.[3] *See United States v. Gigot*, 147 F.3d 1193, 1198-99 (10th Cir. 1998)(district court ordered to vacate guilty plea where district court failed to inform defendant of the elements of the crime she was charged with and failed to inform defendant of the proper penalties she faced); Rule 11(d)(2)(B)("A defendant may withdraw a plea of guilty ... after the court accepts the plea, but before it imposes sentence if: ... the defendant can show a fair and just reason for requesting the withdrawal.").

---

[3]Defendant did not file a reply to the USA's arguments.

On April 14, 2009, Defendant filed Defendant's Second Formal Objection to Presentence Report (Doc. No. 64)(Second Formal Objection).  In the Second Formal Objection, Defendant objects to the application of U.S.S.G. §2J1.2(b)(1)(A) because her false statement did not "relate to" a federal sex offense listed in §1001(a) and therefore, did not subject her to an eight year maximum sentence.  Defendant asserts that Congress created a "latent" ambiguity as to exactly what kind of conduct it intended to punish with the eight year maximum sentence when it amended §1001(a) under the Adam Walsh Child Protection and Safety Act of 2006, PL 109-248 (HR 4472), enacted on July 27, 2006 (Adam Walsh Act), to include that eight year maximum sentence.  In examining the Adam Walsh Act, Defendant argues that Congress intended to increase the maximum penalty for making a false statement only if the defendant who made the false statement was being investigated for committing a listed federal sex offense or if the defendant made a false statement to obstruct the investigation of an actual federal sex offense enumerated under §1001(a).  The USA argues, on the other hand, that Congress did not limit the very broad phrase "relates to" and, therefore, a false statement accusing someone of committing a listed federal sex offense necessarily "relates to" that federal sex offense.[4]

B. Discussion

   *1. Defendant's First Formal Objection: Error at Plea Hearing*

For the purpose of addressing the first Formal Objection, the Court assumes that the error at the plea hearing was not harmless in that it affected Defendant's substantial rights.  However, since Defendant does not seek to withdraw her guilty plea, which would be the appropriate remedy for the type of error committed at the plea hearing, the Court concludes that the

---

[4]Defendant did not file a reply to this argument.

Defendant's first Formal Objection is without merit.

   *2. Defendant's Second Formal Objection: Inapplicability of U.S.S.G. §2J1.2(b)(1)(A)*

The four offense level enhancement under U.S.S.G. §2J1.2(b)(1)(A) is permitted only if two conditions are met: (1) a defendant was convicted under §1001, and (2) the eight year statutory maximum term of imprisonment under §1001(a) applies because the false statement "relates to" the federal "sex offenses under 18 U.S.C. 1591 or chapters 109A, 109B, 110 or 117 of title 18, United States Code...." U.S.S.G. §2J1.2(b)(1)(A). Defendant concedes that the first condition was satisfied. Defendant, however, disputes that the second condition, which is essentially the requirement for an eight year maximum sentence under §1001(a), applies to her. The issue, then, is how to interpret §1001(a)'s language which imposes an eight year maximum sentence for false statements which "relate to" certain listed federal sex offenses. Once this issue is decided, the Court can determine whether it is appropriate to add four offense levels under U.S.S.G. §2J1.2(b)(1)(A) to Defendant's base offense level.

   *a. Interpreting §1001(a)*

In interpreting a statute, the Court starts by looking at the language of the statute itself to determine if "the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). The Court's "inquiry must cease if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.'" *Id*. (quoting *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240 (1989)). To decide if the statutory language is unambiguous or clear, the Court must refer "to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id*. at 341. "'A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses.'" *U.S. ex*

5

*rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 710 (10th Cir. 2006)(quoting *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006)). If the Court finds that a statute is ambiguous, then the Court "'may seek guidance from Congress's intent, a task aided by reviewing the legislative history. A court can also resolve ambiguities by looking at the purpose behind the statute.'" *Id*. (quoting *McGraw*, 450 F.3d at 499). In addition, stautory ambiguity can be resolved by examining a statute's relevant titles and subtitles. *See United States v. Hinckley*, 550 F.3d 926, 932 (10th Cir. 2008)("If the court finds the statute ambiguous, the court then looks beyond the plain text to resolve the ambiguity, examining legislative intent, overall statutory construction, and relevant subtitles.").

In the context of a punitive criminal statute, if that "statute is facially ambiguous and resort to the legislative history does not reveal the congressional intent of the language," then the rule of lenity applies and the Court will "construe the statute favorably to the criminal defendant."[5] *Serawop*, 505 F.3d at 1121. The rule of lenity, however, only applies if there is a "'grievous ambiguity or uncertainty in the statute.'" *Dean v. United States*, __ U.S. __, 129 S.Ct. 1849, 1856 (2009)(quoting *Muscarello v. United States*, 524 U.S. 125, 138-39 (1998)(internal quotation marks omitted)). Grievous ambiguity exists "if, after seizing everything from which aid can be derived, ... [the Court] can make no more than a guess as to what Congress intended." *Muscarello*, 524 U.S. at 138 (internal quotation marks omitted, citations omitted). In other words, the Court can "invoke the rule of lenity only as a tie-breaker when ordinary means of discerning statutory meaning leave the issue in 'equipoise.'" *United States v. DeGasso*, 369 F.3d 1139, 1149 (10th Cir. 2004)(citation omitted).

---

[5]The rule of lenity applies to both substantive and sentencing statutes. *United States v. Serawop*, 505 F.3d 1112, 1121 (10th Cir. 2007).

In this case, the plain meaning of the phrase "relates to" is rather broad and all encompassing when read in isolation and when read solely in the context of §1001(a). However, Defendant's more narrow interpretation of §1001(a) appears to be valid when "relates to" is read in the context of the Adam Walsh Act which Congress enacted specifically "to protect the public from <u>sex offenders and offenders</u> against children...." Sec. 102 of the Adam Walsh Act (emphasis added). In other words, the clearly stated purpose of the Adam Walsh Act does not include protecting the public from non-sex offenders like Defendant. The Court, therefore, concludes that the phrase "relates to" is capable of being understood by reasonably well-informed persons in two different ways. Hence, the phrase "relates to" is ambiguous with regard to the dispute in this case.

If the phrase "relates to" is ambiguous, then the Court is obliged to try to discern Congressional intent to aid in the interpretation of that phrase. As already mentioned, the stated purpose of the Adam Walsh Act is "to protect the public from sex offenders and offenders against children...." Sec. 102 of the Adam Walsh Act. This limited purpose and the accompanying need for harsher sentences to further that purpose are reflected in comments by Judiciary Committee Chairman James Sensenbrenner who stated that, "The bill also increases criminal penalties to punish and deter those who prey on children...." 152 Cong. Record H5722 (July 25, 2006). Congressman Mark Foley likewise noted that the Adam Walsh Act creates "new Federal criminal penalties for sex offenders."[6] *Id*. at H5725.

---

[6] The Historical Notes for the 2007 Amendments to U.S.S.G. §2J1.2(b)(1)(A) further indicate that the amendments to U.S.S.G. §2J1.2(b)(1)(A) were made in response to the Adam Walsh Act which among other things "enhanced penalties for existing sexual offenses."

In examining the statutory structure of the Adam Walsh Act, the full title of the Act is telling in that it refers to "Child Protection and Safety." Additionally, Sec. 141(c) of the Adam Walsh Act, the provision amending §1001(a) to include the eight year maximum sentence at issue here, falls under Title I of the Adam Walsh Act which is titled "Sex Offender Registration and Notification Act" and under Subtitle B which is titled "Improving Federal Criminal Law Enforcement to Ensure Sex Offender Compliance with Registration and Notification Requirement and Protection of Children from Violent Predators." Section 141 itself is titled "Amendments to Title 18, United States Code, Relating to Sex Offender Registration."

The stated statutory purpose, legislative history, and the actual structure of the Adam Walsh Act provide sufficient information for the Court to determine with a relatively high degree of certainty what Congress intended by amending §1001(a) to include an eight year maximum sentence for false statements which "relate to" certain federal sex offenses. First, it is clear that Congress intended that the Adam Walsh Act target actual sex offenders, particularly sex offenders who victimize children. Second, Congress's intent to focus on actual sex offenders would necessarily exclude an intent to punish more harshly defendants like Defendant La Paz, who is not an actual sex offender or someone trying to protect an actual sex offender. Consequently, the eight year maximum sentence under §1001(a) should not apply to Defendant and she should, therefore, be subject to only the five year maximum sentence under §1001(a).

In the alternative, the Court could conclude that Congress's intent in enacting Sec. 141(c) of the Adam Walsh Act is ambiguous because, while the Act clearly targets actual sex offenders, Congress failed to specifically limit the eight year maximum sentence to actual sex offenders or to those trying to protect actual sex offenders. Under that scenario, the Court would have to guess what Congress intended with respect to Sec. 141(c) of the Adam Walsh Act. Such a guess

would constitute a grievous ambiguity which would, in turn, trigger an application of the rule of lenity. Applying the rule of lenity, the Court would have to conclude that Defendant is subject to only the five year maximum sentence under §1001(a).

>    b. *Application of U.S.S.G. §2J1.2(b)(1)(A)*

Whether Congress either did not intend to apply §1001(a) to persons like Defendant or whether the rule of lenity applies, the addition of four offense levels under U.S.S.G. §2J1.2(b)(1)(A) to Defendant's base offense level is incorrect. Consequently, Defendant's Second Formal Objection should be granted and the PSR should be revised to eliminate the four level increase in the base offense level.

IT IS ORDERED that:

1. Defendant's Formal Objection to Presentence Report (Doc. No. 52) is denied;

2. Defendant's Second Formal Objection to Presentence Report (Doc. No. 64) is granted; and

3. The PSR should be revised to eliminate the four offense levels added under U.S.S.G. §2J1.2(b)(1)(A) to Defendant's base offense level.

_____
SENIOR UNITED STATES DISTRICT JUDGE